IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD JAMES SALMON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-3556 |
| | : | |
| ARAMARK FOOD SERVICE, INC. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                     **March 18, 2010**

On July 27, 2009, Howard James Salmon brought this suit under 42 U.S.C. § 1983 against Defendant Aramark Correctional Services, LLC[1] for injuries he sustained while working for Aramark. On August 3, 2009, this case was transferred *sua sponte* to this District. On December 21, 2009, Aramark filed a motion to dismiss, or alternatively to transfer venue back to the Middle District of Florida for the convenience of the parties and witnesses. This Court will deny Aramark's motion to dismiss without prejudice and grant Aramark's motion to transfer venue.

**FACTS**

Salmon is currently incarcerated at Charlotte Correctional Institution in Punta Gorda, Florida. Salmon contends he sustained injuries while performing unpaid labor for Aramark in the spring of 2008, when he was incarcerated at Hardee Correctional Institution in Hardee County, Florida.[2]

Salmon originally filed his complaint in the United States District Court for the Middle District of Florida. On August 3, 2009, a judge in that district *sua sponte* transferred Salmon's

---

[1] Defendant Aramark Correctional Services, LLC, is incorrectly named in the Complaint as Aramark Food Service, Inc.

[2] Hardee County is located in the Middle District of Florida.

complaint to the Eastern District of Pennsylvania.[3]  On August 13, 2009, Salmon filed an objection to the Order of Transfer and asked the court to reconsider its ruling.  In support of his objection, Salmon stated that, at all times relevant to his claim, Aramark operated a business in Hardee County, Florida, and all of the alleged civil rights violations also occurred in Hardee County.  Salmon argued, "[b]ecause [he] has no access to any law materials, rules, procedures, or other requirements for the Federal District Courts of Pennsylvania, it would be a great disadvantage to [him] for this case to remain in the Federal Court of Pennsylvania."  Objection to Order of Transfer at 2, *Salmon v. Aramark Food Service Corp.*, No. 09-1416 (M.D. Fla. Aug. 13, 2009).  The court denied Salmon's motion to return the case to the Middle District of Florida, concluding, "any motion to return this case to the United States District Court for the Middle District of Florida, Tampa Division, must be filed in the United States District Court for the Eastern District of Pennsylvania."  Order at *2, No. 09-1416, (M.D. Fla. Aug. 27, 2009).

On December 21, 2009, Aramark filed the instant motion to dismiss, or, in the alternative, to transfer venue to the Middle District of Florida.  On January 5, 2010, Salmon filed an "Objection to Defendant's Motion to Dismiss Complaint or Transfer Venue."  *Salmon v. Aramark Food Service Corp.*, No. 09-3556, (E.D. Pa. Jan. 5, 2010).  Though the title of Salmon's response indicates he

---

[3] The Order of Transfer states:

> After examination of the complaint, it appears this action should have been filed in the United States District Court for the Eastern District of Pennsylvania. Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), this case is **transferred** to the United States District Court for the Eastern District of Pennsylvania for all further proceedings, and the Clerk shall immediately forward the file to that District.  ORDERED at Tampa, Florida, on August 3, 2009.

Transfer Order at 1, *Salmon v. Aramark Food Service Corp.*, No. 09-1416 (M.D. Fla. Aug. 3, 2009) (emphasis in original).

2

objects to Aramark's motion in its entirety, his argument only addresses the motion to dismiss. Salmon's only mention of venue is his statement that he "objected to the initial transfer of this case." *Id.*

**DISCUSSION**

Aramark argues Salmon's complaint should be transferred back to the Middle District of Florida under the authority given to this Court by 28 U.S.C. § 1404(a), which allows the transfer of a case to any district in which it may have been brought "for the convenience of the parties and the witnesses, in the interest of justice." When a plaintiff's complaint invokes a federal question, the case may be brought "only in (1) a district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The threshold question for this Court is whether Salmon's complaint may have been brought in the Middle District of Florida. The plaintiff is incarcerated in the Middle District of Florida, the defendant transacts business there, and all events underlying Salmon's complaint transpired there. Thus, it is evident Salmon's complaint was properly brought in the Middle District of Florida.

This Court must next determine whether the interests of justice and convenience require transfer back to the Middle District of Florida. "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties." *Lafferty v. Gito St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (citations omitted). The purpose of § 1404(a) is "to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted).

To determine whether a transfer of venue is appropriate, this Court will consider: the plaintiff's preferred forum, as manifested in the original forum choice; the defendant's preferred forum; the location where the claim arose; the convenience of the parties "as indicated by their relative physical and financial condition;" convenience of the witnesses; and the location of records relevant to the claim. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). This Court also takes into account those practical considerations that will ease a trial's progress, minimize expenses, and aid in swift resolution of a plaintiff's claims. *Id.* The Court may further consider, as a public policy matter, the "local interest in deciding local controversies at home." *Id.*

In the instant case, Salmon filed his complaint in the Middle District of Florida, showing his intent to pursue his claim in that forum. Aramark now asks this Court to transfer the case back to the Middle District of Florida because it also prefers the original forum. Furthermore, all events underlying Salmon's claim arose in the Middle District of Florida. Because Salmon is incarcerated in Florida, it would not only be convenient for his complaint to proceed in Florida, it would be impracticable and costly for it to proceed in this district, over 1,000 miles from Salmon's current location at the Charlotte Correctional Institution. As this case concerns events which took place at a Florida prison, both Salmon's and Aramark's potential witnesses may be other prisoners or prison officials residing in Florida. Additionally, Salmon's medical records and medical treatment personnel are all located in Florida. It would be highly inconvenient for these witnesses to travel to a trial in the Eastern District of Pennsylvania. The only connection this matter has with this district is that Aramark's headquarters are located in Philadelphia, Pennsylvania. All practical considerations indicate this trial will be easiest, most expeditious, and least expensive if conducted in Florida. Finally, transferring this case to Florida will support that district's interest in deciding

4

local controversies at home.  The balance of factors thus weighs strongly in favor of returning this case to the Middle District of Florida.  This Court is satisfied that, for the convenience of the parties in this action and in the interests of justice, this case should be transferred to the Middle District of Florida pursuant to § 1404(a).

Aramark also filed a motion to dismiss.  Because this Court is transferring Salmon's claim to the Middle District of Florida, this Court no longer has jurisdiction to hear this motion.  This motion will therefore be denied without prejudice to reassertion before that court.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.